UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD ALLEN MORGAN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:20-cv-663

Cole, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

This case is before the undersigned on Plaintiff's sixth motion seeking an extension of time in which to comply with a Court deadline. The Court grants the motion only in part.

**I.    Background**

On August 25, 2020, through counsel, Plaintiff filed a complaint seeking to appeal a decision of the Commissioner of Social Security under the Social Security Act. Once the Certified Administrative Record has been filed in a social security case,[1] Local Rule 8.1 requires a Statement of Errors to be filed within 45 days. Following the Statement of Errors, the Defendant has an additional 45 days in which to file a response brief, after which the Plaintiff may file a reply. At a minimum, Plaintiff must file a Statement of Errors and the Commissioner must file a response before the case is ripe for the Court's consideration.

In this case, Plaintiff sought and obtained three extensions of time in which to file

---

[1]Pursuant to delays associated with the global COVID-19 pandemic, the Commissioner sought two extensions before filing the Certified Administrative Record on February 3, 2021. The Court found good cause and granted both extensions based upon the detailed explanations offered by the Commissioner. (*See* Docs. 6, 7).

a Statement of Errors based upon personal issues involving his wife and foster son. (*See* Docs. 10, 11, 12).  Once the Statement of Errors was filed on June 21, 2021, (*see* Doc. 13), the Commissioner timely filed a memorandum in opposition on August 3, 2021. (*See* Doc. 14).  At that point in time, under Local Rule 8.1(c), briefing was complete in this case but for the filing of a reply memorandum that was due on August 18, 2021,

Unlike the initial Statement of Errors and the Commissioner's response thereto, the filing of a reply memorandum is strictly discretionary.  The discretionary nature of a reply memorandum is consistent with the much shorter time frame (15 days) allowed for this brief– a time frame that stands in contrast to the 45-day periods allowed for the more critical Statement of Errors and Memorandum in Opposition.  While LR 8.1(c) states that a reply "may" be filed, it is not unheard of for a plaintiff to forego filing a reply.  In those cases, the undersigned files a Report and Recommendation after considering all issues presented in the primary briefing (the Statement of Errors and the Memorandum in Opposition).

Rather than filing a reply within the 15 day period that expired on August 18, 2021 or choosing to forego that opportunity, Plaintiff's counsel sought and obtained a 30-day extension of time in which to file his reply memorandum.  When that deadline arrived, Plaintiff filed a second motion seeking further extension.  Plaintiff then filed third, fourth and fifth motions seeking further extensions. All five prior motions were unopposed and were granted by notational order.  Plaintiff now seeks a sixth, even longer extension of time in which to file his discretionary reply memorandum.

The continued grant of unlimited extensions of time runs counter to the interests

of justice. The Court exercised its discretion to grant the first five motions, despite the fact that the motions arguably have been deficient in explaining the basis for the extensions. At this juncture, and considering the interests of Plaintiff, of the public and of this Court, Plaintiff's counsel has failed to demonstrate good cause for further extension.

**II.     Good Cause Shown for Extensions for Statement of Errors but not for Extensions of Time for Filing a Reply Memorandum**

Plaintiff's initial motions, seeking extensions of time in which to file his Statement of Errors, were supported with an explanation relating to personal tragedies that had befallen counsel's wife and son. (*See* Docs. 10-12). After being granted a third extension of time in which to file his Statement of Errors, Plaintiff complied with the extended deadline by filing his Statement of Errors on June 21, 2021. Without seeking further extension, the Commissioner filed a responsive memorandum on August 3, 2021.

In lieu of filing a reply on August 18, 2021 as required, Plaintiff next moved for a 30-day extension of time in which to file his reply. Unlike the motions seeking additional time to file his Statement of Errors, Plaintiff's motion seeking to extend time for the reply offered no reasons for extension other than the fact that no prior extensions (for the reply) had been sought. (Doc. 15). At the end of the first extension, Plaintiff sought a second 30-day extension to file his reply, citing only the "interests of justice." (Doc. 16). Plaintiff filed three more virtually identical motions seeking additional extensions to file his discretionary reply memorandum, each time citing only the "interests of justice" and the fact that the Commissioner did not oppose the motion. (*See* Docs. 17, 18, 19).

A day before the expiration of the most recent deadline set by this Court, December 28, 2021, Mr. Stevenson filed a sixth motion seeking another 60 days, until March 1, 2022,

in which to file his discretionary reply memorandum. (Doc. 20). The most recent motion provides no information that would suggest why additional time might achieve a different result. In short, the current motion does not show good cause for any further extension. Under Rule 41(b), Fed. R. Civ. P., this Court routinely dismisses cases where litigants repeatedly disregard deadlines or otherwise fail to prosecute.[2] In contrast to those cases, this case technically is ripe for decision because the reply memorandum is discretionary. Frankly, given the discretionary nature of the reply and the fact that Plaintiff's original 15 days for filing it has now been extended by more than four months, the undersigned can conceive of no grounds that would provide "good cause" for any further extension.

At this point, the undersigned is compelled to reiterate her sympathy for the personal tragedies that have befallen counsel and his family, which were briefly referenced early in this case as just cause for extending time to file the Statement of Errors. However, further extensions for the filing of the reply memorandum are *highly detrimental* to the interests of the Plaintiff (who alleges he has been unjustly denied benefits), to the Commissioner (who may potentially be required to pay a higher amount of back benefits), to the public, and to this Court.[3] "Justice delayed is justice denied" may be an old adage, but it undoubtedly rings true. For many reasons, the number and length

---

[2] *See Miscevich v. Secretary of HHS*, 1995 WL 222192, at *5 n.1 (6th Cir. 1995) ("Although Rule 41 does not specifically provide for *sua sponte* dismissal, a court may dismiss *sua sponte* based on its inherent power to dispose of cases in an orderly fashion.") (additional internal citations omitted).

[3] Delayed cases burden an already overloaded federal docket. In recognition of that fact and of the strong interests of the litigants and the public in obtaining prompt resolution of cases, Congress enacted the Civil Justice Reform Act of 1990 ("CJRA"). Under the CJRA, federal courts must file public reports of all cases and pending motions of a certain age, including but not limited to social security cases that have been pending for more than ten months after an Administrative Transcript is filed.

of extensions granted to date in this case is unusual.[4]

Still, considering the Commissioner's lack of opposition, and to avoid undue prejudice to the Plaintiff, the Court reluctantly will grant the motion for a sixth extension up to and including January 15, 2022. The Court anticipates that counsel will use this final extension wisely for the benefit of his client, and will either promptly: (1) file the long-awaited reply; (2) exercise his discretion not to file a reply if he cannot timely do so; or (3) move to withdraw (if he cannot fulfill his obligation to his client and this Court to timely prosecute this case).

### III. Conclusion and Order

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's sixth motion seeking a further extension of time in which to file a discretionary reply memorandum is **DENIED in part** and **GRANTED in part.** The request for a further 60-day extension is denied but Plaintiff will be granted up to and including January 15, 2022 to file a reply memorandums, WITH NO FURTHER EXTENSIONS TO BE GRANTED without exceptionally good cause shown.
2. If no reply is timely filed, the Court will consider this case to be submitted for disposition.

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

---

[4] The undersigned very rarely grants more than three extensions in any civil case. Extensions of more than 30 days are also quite rare.