**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RICHARD M[1]    Case No. 1:20-cv-663

    Plaintiff,

v.    Cole, J.
    Bowman, M.J.

COMMISSIONER OF SOCIAL SECURITY,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff filed this Social Security appeal in order to challenge the Defendant's determination that he is not disabled. Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. As explained below, the Administrative Law Judge (ALJ)'s finding of non-disability should be **AFFIRMED**, because it is supported by substantial evidence in the administrative record.

**I.    Summary of Administrative Record**

Plaintiff applied for disability insurance benefits in October 2012 and supplemental security income in September 2013, alleging a disability beginning in January 2012. (Tr. 325, 330-38). Plaintiff's applications were denied initially and upon reconsideration. (Tr. 197, 204). An ALJ issued an unfavorable decision in March 2016, which was vacated and remanded by the Appeals Council. (Tr. 164-76, 183-84). After a second hearing, Plaintiff's application for disability was again denied. (Tr. 31-48). In August 2018, by agreement of the parties, the district court remanded the case, with instructions from the Appeals

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

Council to evaluate the opinions of the reviewing psychologists. (Tr. 1140-41, 1147-48). A third hearing was held on April 16, 2019. (Tr. 979-1025). The ALJ issued a decision on July 12, 2019, concluding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 944-67). Plaintiff now seeks judicial review of the denial of his application for benefits.

Plaintiff was born in 1974 and was 37 years old on the alleged date of disability. He completed high school and has past relevant work as a truck driver. He alleges disability after he was injured in a car accident in 2012.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "disorders of the spine including lumbar spine fracture, obesity, osteoarthritis of the right knee, right shoulder impairment, cognitive disorder, borderline intellectual functioning, and mathematics and reading disorders." (Tr. 950). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform a full range of work subject to the following limitations:

> He can occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. He can occasionally operate foot pedals with the bilateral lower extremities. He can frequently reach in all directions, including overhead, with the upper extremities. He must avoid concentrated exposure to humidity, extreme cold, extreme heat, wetness, vibration, and dangerous hazards of unprotected heights. He is limited to performing simple, routine, repetitive tasks in a work environment free of fast-paced production requirements and involving only simple work-related decisions and routine workplace changes. He is limited to occasional interaction with the public, coworkers, and supervisors. He has the ability to read at a second grade level, write at a fourth grade level, and perform math at a second grade level. He would be off task 5% of the workday and absent from the work place one day per month.

(Tr. 23). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, limited education and work experience, and the RFC, the ALJ concluded that while Plaintiff could no longer perform his past relevant work, he could perform a significant number of unskilled jobs in the regional and national economy, including addresser, printed circuit board touchup assembler screener, and table worker. (Tr. 966). Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: (1) failing to find that Plaintiff met or equaled Listing 12.05(c) that was in effect at the time of his initial application; (2) failing to find that Plaintiff met or equaled Listing 12.05(c) as it now exists; and (3) improperly weighing the opinion evidence. Upon close analysis, I conclude that Plaintiff's arguments are not well-taken.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability." *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

3

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion.... The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to

4

the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. See Combs v. Commissioner of Soc. Sec., 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Decision is supported by Substantial Evidence**

*1. Previous version of Listing 12.05C*

Plaintiff first argues that he met the requirements of the previous version of Listing § 12.05; however, whether Plaintiff meets the requirements under the old listings is irrelevant to this matter. As noted by the Commissioner, the ALJ's 2019 decision, correctly analyzed Plaintiff's claim under the version of Listing § 12.05 that was in effect at the time of the decision. See 81 Fed. Reg. 66138 (the revised Listings became effective on January 17, 2017, and applied to all claims *pending* on or after that date) (emphasis added). The district court's review is limited to final decisions of the Commissioner. 42 U.S.C. § 405(g) ("Any individual after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action . . ."). Because the Appeals Council vacated both prior ALJ decisions upon remand, the only final decision for this Court to review is the 2019 ALJ decision. (Tr. 183, 1147). Therefore, whether Plaintiff met the requirements of the previous version of Listing § 12.05 is not relevant to this action.

5

*2. Current version of Listing 12.05(B)[2]*

Plaintiff argues that he met the requirements for Listing § 12.05(B), which requires him to prove (1) significant below average general intellectual functioning, proven by IQ testing; (2) significant deficits in adaptive functioning, demonstrated by marked or extreme mental functioning limitations; and (3) evidence suggesting the disorder began prior to age 22. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(B)(1)-(3).

Here, the ALJ acknowledged that Plaintiff's IQ scores met the first requirement under paragraph B, but she determined that he did not satisfy the second. (Tr. 953). To prove that he met the second paragraph B requirement, Plaintiff must provide evidence of a marked limitation in two, or extreme limitation in one, of the following functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(B)(2). In this regard, the Commissioner contends that the ALJ reasonably found that Plaintiff exhibited only a moderate limitation in all four functional areas, a finding that was consistent with the consultative examinations and supported by the opinions of the reviewing psychologists (Tr. 953-54, 1065, 1105). The undersigned agrees.

With respect to the paragraph B criteria, the ALJ found that Plaintiff had no more than a moderate limitation in understanding, remembering, or applying information. In so concluding, the ALJ relied upon Plaintiff's work history, results from his consultative examinations, and education records. As noted by the ALJ, after high school, Plaintiff performed work ranging from unskilled to semiskilled, and he was not fired from any of

---

[2] Under the current regulations Listing 12.05 now only has two paragraphs, A and B and drops the previous 12.05(C).

6

these positions, indicating that his adaptive functioning was not "seriously limited" (Tr. 953, citing to Tr. 1651). See Joyce v. Comm'r of Soc. Sec., 662 F. App'x 430, 434 (6th Cir. 2016) (the claimant's ability to perform semi-skilled work undercut his claims of adaptive functioning deficits). Further, the consultative examiners and reviewing psychologists found that Plaintiff's intellectual deficits would limit him to simple tasks, indicating that his functioning in this area was at least "fair." (Tr. 744, 1070-71, 1110-11).

Next, the ALJ found that Plaintiff was moderately limited in his ability to interact with others, based on his own statements regarding his employment history and the observations of the consultative examiners. (Tr. 953). 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05(E)(2). As noted by the Commissioner, Plaintiff stated his past relationships with coworkers and supervisors were "alright" or "pretty good," and consultative examiners observed him to be cooperative, pleasant socially, and have direct eye contact. (Tr. 953, citing to Tr. 742, 1651-52). Additionally, Dr. Sed opined that Plaintiff would be able to respond appropriately with supervisors and coworkers. (Tr. 1654).

The ALJ then found Plaintiff to have a moderate limitation in concentrating, persisting, and maintaining pace. (Tr. 953-54). Id. § 12.05(E)(3). The ALJ acknowledged some evidence of concentration deficits, but she also noted exams where Plaintiff's attention and concentration were observed to be adequate, as well as Plaintiff's stated interests of performing car repair and reading magazines, both of which require a degree of concentration. (Tr. 953-54, citing to Tr. 655, 663, 668, 744, 1652-54, 1852). Last, the ALJ found only a moderate limitation in Plaintiff's ability to adapt or manage himself, given evidence that he could drive a car, maintain personal hygiene, and remember to take his medications. (Tr. 954, citing to Tr. 742, 770, 997, 1651, 1825).

Plaintiff argues that the ALJ's finding in this regard is not substantially supported because she relied on medical sources that had not review Plaintiff's IQ testing. Contrary to this assertion, both consultative examiners had information relating to Plaintiff's education history and noted that Plaintiff's poor grades, special education classes and prescription for ADHD. More importantly, the ALJ found that Plaintiff satisfied the IQ testing Listing requirement. Plaintiff also fails to point to any evidence supporting limitations greater than those found by the ALJ. See 20 C.F.R. § 404.1512(a)(A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits).

Based on the foregoing, the undesigned finds that the ALJ's determination that Plaintiff did not meet or equal the requirements of Listing 12.05(C) is supported by substantial evidence and should not be disturbed.

*3. Opinion Evidence*

Plaintiff argues last that the ALJ did not properly weigh the opinion evidence in accordance with Agency Regulations. Specifically, Plaintiff argues that the ALJ failed to give controlling weight to the findings of Plaintiff's treating sources, Dr. Provoznik and Audrey Howard, LSW-MSW. Plaintiff's contention lacks merit.

Agency regulations provide that the ALJ is required to consider every medical opinion in the record and weigh each according to factors like the nature of the relationship, supportability, consistency, and specialization. 20 C.F.R. § 404.1527(c)(1)-(6). Here, in formulating Plaintiff's RFC, the ALJ first considered the opinions provided by the reviewing psychologists, reasonably assigning great weight to these opinions. (Tr. 960-61). Drs. Orosz and Tishler, who reviewed Plaintiff's file in 2013, both found him to

8

have moderate functional limitations and recommended workplace restrictions to accommodate his attention and concentration deficiencies. (Tr. 137, 154). Both psychologists recommended only simple, unchanging tasks, in a work environment with no strict production standards, and limited interactions with supervisors and coworkers. (Tr. 140-42, 158-59). Finding these opinions consistent with Plaintiff's work history, his ability to perform household chores, and mental status exams demonstrating some attention and concentration deficits, the ALJ assigned them great weight and largely adopted these findings in the RFC. (Tr. 960-61). The ALJ also provided additional restrictions based on evidence later produced. (Tr. 955, 960-61).

The ALJ next reasonably gave great weight to the opinions of the reviewing psychologists who considered Plaintiff's file in 2018, both of whom also found moderate limitations in all four functional areas. (Tr. 761). Drs. Edwards and Tangeman recommended very similar workplace restrictions to the prior reviewing psychologists, including the limitation to simple, repetitive work, in an environment without strict production demands and with only occasional contact with others. (Tr. 1070-72, 1110-11). These psychologists further noted Plaintiff's intellectual limitations and his likelihood to be off-task 5% of the workday. The ALJ determined that their limitations were consistent with other evidence of record, and also noted that the reviewing psychologists' opinions were bolstered by the narrative support they provided for their analyses. (Tr. 961). 20 C.F.R. § 404.1527(c)(2). Thus, the ALJ found that the opinions of all four reviewing psychologists were consistent with, and supported by, the record evidence.

As noted by the Commissioner, the ALJ next considered the opinions of the consultative examiners, Drs. Heiskell and Sed, assigning partial weight to their findings.

9

(Tr. 961-62). With respect to Dr. Heiskell, the ALJ incorporated his opinions that Plaintiff could only carry out simple instructions, and that he may have some difficulty responding to supervision. (Tr. 962, citing to Tr. 744). To the extent that the ALJ did not adopt some of Dr. Heiskell's more extreme opinions, she explained that she was discounting them due to Dr. Heiskell's limited interactions with Plaintiff and his reliance on Plaintiff's and his mother's subjective statements, rather than Dr. Heiskell's objective observations. (Tr. 961-62). The ALJ assigned little weight to findings of Dr. Sed because those findings were inconsistent with the evidence of record. However, many of Dr. Sed's opinions were consistent with the ultimate RFC findings, namely the limitation that only simple, routine tasks would accommodate any memory deficits or difficulties with multi-step tasks.

With respect to Plaintiff's treating sources, Plaintiff's primary care physician, Dr. Provaznik, provided two opinions regarding Plaintiff's mental health functioning (Tr. 898-900, 1717-21), both of which recommended extreme limitations. The ALJ noted that those two opinions were disproportionate to the observations of the consultative examiners and Dr. Provaznik's own treatment notes. (Tr. 963, citing to Tr. 1539, 1546, 1642, 1705, 1714). 20 C.F.R. 404.1527(c)(2). The ALJ reasonably discounted his opinions because of these inconsistencies, and also because Dr. Provaznik was not a mental health specialist, as he was Plaintiff's primary care physician, and did not provide any mental health treatment. 20 C.F.R. § 404.1527(c)(5) ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist.").

Next, the ALJ assigned little weight to Plaintiff's treating therapist Audrey Thomas, LSW-MSW. (Tr. 964). Notably, after treating Plaintiff for two months, Ms. Thomas

10

provided an opinion indicating that she believed Plaintiff to have marked to extreme limitations in almost all areas of mental functioning. (Tr. 1805-09). Ms. Howard indicated that her opinion was largely based on Plaintiff's reports of his own abilities since his car accident and his inability to perform work due to his physical impairments. (Tr. 1806-08). Ms. Howard opined Plaintiff would be absent three to four days or more each month because of his impairments. (Tr. 1808). In discounting Ms. Thomas' findings, the ALJ found that her extreme findings were inconsistent with other record evidence as well as her own treatment notes. (Tr. 964). The ALJ also considered the short duration of their treating relationship, and Plaintiff's history of conservative treatment, both of which undermined the reliability of the opinion. (Tr. 964). 20 C.F.R. § 404.1527(c)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion."); see also Lester v. Soc. Sec. Admin., 596 F. App'x 387, 389 (6th Cir. 2015) (holding that the ALJ reasonably discounted the treating source's opinion where the proposed limitations were inconsistent with the source's own treatment notes, the claimant's conservative treatment, the generally benign examination, and the claimant's daily activities).

      Plaintiff argues that the ALJ improperly discounted the opinion of Ms. Howard and Dr. Provoznik. Plaintiff's contention is not well-taken. Notably, although Plaintiff argues broadly that the ALJ erred by elevating the opinions of non-examining psychologists over his treating sources, he fails to support this argument in any meaningful way. As noted by the Commissioner and as described above, the ALJ thoroughly explained why she gave great weight to the opinions of the reviewing psychologists, properly relying on the

11

relevant regulatory factors, and Plaintiff's mere assertion that this decision was improper is not cause for remand. *See Blakely v. Comm'r of Soc. Sec.*, 581 F. 3d 399, 409 (6th Cir. 2009) ("Certainly, the ALJ's decision to accord greater weight to state agency physicians over [Plaintiff]'s treating sources was not, by itself, reversible error.").

### III.     Conclusion

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and should be **AFFIRMED**, and that this case be **CLOSED**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| RICHARD M, | Case No. 1:20-cv-663 |
| Plaintiff, | Cole, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).