UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD M.,

      Plaintiff,

  v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 1:20-cv-663
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's February 15, 2022, Report and Recommendations ("R&R") (Doc. 23), which recommends that this Court **AFFIRM** Defendant Commissioner of Social Security's (the "Commissioner") decision as **SUPPORTED BY SUBSTANTIAL EVIDENCE** and **CLOSE** this case. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 23).

To start, the R&R advised the parties that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 23, #1977). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C).

Accordingly, the parties here needed to object by March 1, 2022. The time for filing objections has since passed, and no party has objected.

Nonetheless, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden, S. Ohio Corr. Facility*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). This case arose when the Social Security Administration (the "SSA") denied Plaintiff certain Social Security benefits. Plaintiff first applied for disability insurance benefits in October 2012 and supplemental security income in September 2013. (R&R, Doc. 23, #1965). On July 12, 2019, after almost seven years of administrative and federal district court proceedings, an Administrative Law Judge (the "ALJ") of the SSA issued the decision of which Plaintiff seeks review here, finding that Plaintiff was not disabled. (*Id.*). A district court reviews an ALJ's conclusion that an applicant for benefits is not disabled under a deferential standard that asks only whether "substantial evidence" supported that conclusion; the court does not inquire whether the ALJ justifiably

2

instead could have reached a different conclusion. *See, e.g., Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) ("The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts.") (citations omitted).

In his Statement of Specific Errors (Doc. 13), Plaintiff argued that the ALJ erred by failing to regard his mental limitations as automatically disabling under an applicable Social Security Listing. (*Id.* at #1901). Applying the deferential "substantial evidence" standard, the Magistrate Judge found no error in the ALJ's determination that Plaintiff displayed only moderate limitations in four functional mental capacity areas, which is not disabling. (R&R, Doc. 23, #1971–72). Under the same standard, the Magistrate Judge also found that the ALJ reasonably gave limited weight to opinions of Plaintiff's primary care physician, who is not a psychologist, and Plaintiff's treating therapist, who had been seeing Plaintiff for only two months, concerning Plaintiff's mental limitations. (*Id.* at #1974–75). The Court finds no error, much less clear error, in these determinations.

The Court therefore **ADOPTS** the Report and Recommendation (Doc. 23), **AFFIRMS** the Commissioner's decision as **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **DISMISSES** Plaintiff's Complaint (Doc. 3) **WITH PREJUDICE.** The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this case on its docket.

**SO ORDERED.**

March 28, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**